FILED

2026 Aug-13  PM 04:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER LYNN MITCHELL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 2:26-cv-00030-AMM-JHE** |
| | ) | |
| SHELBY COUNTY SHERIFF | ) | |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

The magistrate judge entered a report on May 29, 2026, recommending the court dismiss this case pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), for failing to state a claim upon which relief may be granted. Doc. 15. The magistrate judge notified the plaintiff, Jennifer Lynn Mitchell, of her right to file specific, written objections within fourteen days, Doc. 15 at 12–13, and on June 8, 2026, Ms. Mitchell timely filed objections, Doc. 16.

The magistrate judge recommended this action be dismissed on five separate grounds: Ms. Mitchell's second amended complaint is a shotgun pleading; Ms. Mitchell names as defendants entities not subject to suit[1]; Ms. Mitchell named

---

[1] In this section, the magistrate judge's report discusses Ms. Mitchell's inability to file suit against the Shelby County Sheriff's Department. Although Ms. Mitchell named the Shelby County Sheriff's Department as a defendant in her initial complaint, *see* Doc. 1, she does not name this entity as a defendant in the operative Second Amended Complaint, *see* Doc. 13. Rather, the Second Amended Complaint names the Shelby County Detention Center as a defendant. However, the

defendants against whom she stated no claim; this court does not have authority to review ongoing state court criminal proceedings; and Ms. Mitchell brought claims clearly barred by the statute of limitations. Doc. 15. In her objections, Ms. Mitchell did not address any of those five grounds. Instead, she generally objects to the recommendation of dismissal on the ground that she is "a victim under . . . distress." Doc. 16 at 1. She states she is denied access to a law library, and that the Shelby County Jail kiosk does not include a printout from the Prisoner Litigation Reform Act. *Id.* at 1–2. Ms. Mitchell adds that she seeks help in setting or reducing her bond set by the Shelby County Court and that she filed an amended complaint. *Id*. at 2. Ms. Mitchell asserts she filed grievances on the kiosk concerning basic medical and hygiene needs, as well as grievances regarding jail employees who "may or may not be doing the[ir] job." *Id*. at 2–4.

Ms. Mitchell further objects on the basis that she was falsely arrested on August 27, 2025. *Id.* at 3, 8. She asserts that she is not receiving needed medical care, and that the jail nurses ware rude and unprofessional. *Id*. at 4–5, 7. Ms. Mitchell also appears to bring a new claim for medical malpractice, although she does not specify a medical provider against whom she brings that claim. *Id*. at 6, 9.

---

same analysis applies; the Shelby County Detention Center is not a legal entity subject to suit under Section 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992); *Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010).

The magistrate judge twice provided Ms. Mitchell very specific instructions setting forth whom she may sue in federal court and what she must allege to state a viable claim. *See* Docs. 9, 12. Despite this guidance, Ms. Mitchell's second amended complaint continued to include defendants not subject to suit under 42 U.S.C. § 1983, defendants against whom no claim was stated, claims barred by the statute of limitations, and attempts to have this court review Ms. Mitchell's ongoing state court proceedings. *See* Doc. 13.

To the extent Ms. Mitchell now seeks to bring a medical malpractice claim, *see* Doc. 16 at 6, 9, Ms. Mitchell may not bring new claims under the guise of objections.[2] *See e.g., Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (stating that a district court need not consider arguments that were not, in the first instance, presented to the magistrate judge). Additionally, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (cleaned up).

While a court must liberally construe *pro se* pleadings, it may not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.

---

[2]  In any event, Ms. Mitchell fails to name a specific individual she believes committed medical malpractice. Instead, she "seeks release from Jail, to have her Doctors" perform procedures, seemingly to provide evidence that Ms. Mitchell has not received adequate medical care while in the jail. Doc. 16 at 6. Ms. Mitchell argues that "[t]he statute of limitations does not apply when a Defendant has been detained once the rights are being denied a fair hearing before the district court, that further prolongs medical treatment for the inmate." *Id.*

3

2014) (cleaned up). And, although *pro se* pleadings are liberally construed, they still must suggest some factual basis for a claim. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015); *see also Daker v. Ward,* No. 22-10632, 2023 WL 3317984, at *3 (11th Cir. May 9, 2023) (recognizing that a "district court was not required to expend judicial resources culling through" the plaintiff's amended complaint and "deciding *for* him which claims . . . should remain"). Here, Ms. Mitchell's second amended complaint clearly falls within the classic definition of a shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (recognizing a complaint which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" is a shotgun pleading).

Having carefully reviewed and considered *de novo* all the materials in the court file, including Ms. Mitchell's objections and the magistrate judge's report and recommendation, the court **OVERRULES** the objections, **ADOPTS** the report, and **ACCEPTS** the recommendation. Consistent with that recommendation and 28 U.S.C. §§ 1915(e)(2) and 1915A(b), the court finds that this action is due to be **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief may be granted.

A Final Judgment will be entered.

4

**DONE** and **ORDERED** this 13th day of August, 2026.

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE